180 So. 305

## WHITE v. STATE.

### 6 Div. 314.

Court of Appeals of Alabama.
May 24, 1938.

John A. Posey, of Haleyville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The verdict of the jury is as follows: "We, the jury find the defendant guilty as charged in count 2 of the indictment."

Count 2 charged, omitting the formal parts, that Will White alias William White, did distill, make or manufacture alcoholic, spirituous, malted or mixed liquors or beverages some part of which was alcohol, etc.

In accordance with the verdict, the court adjudged the defendant guilty as charged in count 2 of the indictment, and formally sentenced him to serve an indeterminate period of time in the penitentiary of not less than one year and a day, nor more than two years. Judgment of conviction was duly pronounced and entered from which this appeal was taken.

Pending the trial but two exceptions were reserved to the court's ruling upon the admission of the testimony. The insistences of error in this connection cannot be sustained. The questions involved were of the res gestæ, and therefore were properly allowed.

The principal insistence of error is predicated upon the action of the court in refusing to defendant the general affirmative charge requested in writing. Said charge in this case was inapt and was properly refused, and the court was correct in holding it was without authority to direct a verdict as the evidence in the case was in sharp conflict as to the material issues involved and therefore presented a question for the determination of the jury.

The State introduced two witnesses, C. O. Hunter, the Sheriff of the County, and R. L. Jones who accompanied the Sheriff on the occasion in question. Both of said witnesses testified directly and affirmatively, that about 10 or 11 o'clock on the morning of the day in question, they found a complete still in full operation with whiskey running from the worm thereof, in close proximity to defendant's home and premises. That said still was in a deep hollow and that the defendant was alone at the still and operating same. That they saw the smoke arising from the still, and crept up to within 28 feet of the defendant, and watched him for some time in the operation of the still. They further testified, when the defendant saw them, he fled from the still and notwithstanding the efforts of the Sheriff to overtake and arrest him, he escaped. The identification of the defendant as being the man at the still was positive and certain. Both witnesses testified they had known him for a long number of years, that they saw his face clearly and that he was the man.

The defendant strenuously denied he was the man caught operating the still. He denied all knowledge of the existence of the still and all connection therewith. He testified that on the day in question he left his home very early in the morning and went to Cullman and did not return home until about dark that day. He introduced a number of witnesses whose testimony tended to corroborate him as to his alibi.

From the foregoing, and other facts of like import, shown by the record, it may be readily ascertained that, as stated, a jury question was presented. The court so held, and properly so. The record proper is regular and without error, therefore the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.